United States District Court
Southern District of Texas
**ENTERED**
September 14, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| E.C., | § | |
| *Plaintiff*, | § | |
| v. | § | Civil Action No. 4:25-cv-04643 |
| Frank Bisignano, Commissioner of Social Security, | § | |
| *Defendant*. | § | |

## **MEMORANDUM AND ORDER**

This is an appeal from an administrative ruling denying disability benefits. Upon consent of the parties, Dkt. 13, the case was transferred to the undersigned judge. Dkt. 14. After carefully considering the parties' briefs, Dkts. 10, 15, 16, the administrative record, Dkt. 4, and the applicable law, the Court denies Plaintiff's motion for summary judgment (Dkt. 10) and affirms the Commissioner's decision.

## **Background**

Plaintiff applied for disability insurance benefits and Supplemental Security Income on June 1, 2023, claiming a disability onset date of April 11, 2023. R.210-28. As impairments, Plaintiff listed a spinal fracture, depression, human immunodeficiency virus ("HIV"), and high cholesterol. R.212.

The Commissioner denied Plaintiff's application, both initially and upon reconsideration. R.61-62, 71-72. Plaintiff then obtained a hearing before an administrative law judge ("ALJ"). R.161. After the hearing, the ALJ issued a decision concluding that Plaintiff is not disabled. R.17-28.

The ALJ first concluded that Plaintiff met the insured status requirements and had not engaged in substantial gainful activity since the alleged onset date. R.19. Although the ALJ found that Plaintiff had certain severe impairments—HIV, depressive disorder, generalized anxiety disorder, and degenerative disc disease of the lumbar and cervical spine—he concluded that Plaintiff's conditions did not meet or medically equal a listed impairment under 20 C.F.R. § 404, Subpart P, Appendix 1. R.19-22.

The ALJ then formulated the residual functional capacity ("RFC"), finding that Plaintiff can perform light work as defined in 20 CFR 404.1567(b) and 416.967(b), with certain limitations:

> the claimant can lift and/or carry 20 pounds occasionally and 10 pounds frequently. The claimant can stand, and/or walk 6 hours in an 8-hour workday but with no more than one hour at a time. The claimant can sit for 6 hours in an 8-hour workday. The claimant can frequently climb ramps or stairs and occasionally climb ladders, ropes, or scaffolds. The claimant can frequently kneel, stoop, and crouch and occasionally crawl. The claimant can understand, remember and carryout [sic] detailed but not complex tasks.

R.23. Relying on this RFC and testimony from a vocational expert ("VE"), the ALJ concluded that Plaintiff was unable to perform his past relevant work.

R.26. Based on the VE's testimony, however, the ALJ concluded that an individual with Plaintiff's age, education, work experience, and RFC could perform at least three jobs available in significant numbers in the national economy, namely general waiter, room service person, and general host. R.27. The ALJ concluded that Plaintiff was not disabled. R.28.

The Social Security Administration's Appeals Council denied Plaintiff's request for review, R.1, which rendered the decision final for this Court's review, *see* 42 U.S.C. § 405(g); *Sims v. Apfel*, 530 U.S. 103, 106-07 (2000) ("[Social Security Administration] regulations provide that, if … the [Appeals] Council denies the request for review, the ALJ's opinion becomes the final decision."). This appeal followed.

**Legal Standard**

This Court reviews the Commissioner's denial of social security benefits "only to ascertain whether (1) the final decision is supported by substantial evidence and (2) whether the Commissioner used the proper legal standards to evaluate the evidence." *Whitehead v. Colvin*, 820 F.3d 776, 779 (5th Cir. 2016) (per curiam) (quotation omitted). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). It is "more than a scintilla,

but it need not be a preponderance." *Taylor v. Astrue*, 706 F.3d 600, 602 (5th Cir. 2012) (per curiam) (quotation omitted).

When conducting its review, the Court cannot reweigh the evidence or substitute its judgment for the Commissioner's. *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999). "Conflicts of evidence are for the Commissioner, not the courts, to resolve." *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005). But judicial review must not be "so obsequious as to be meaningless." *Brown*, 192 F.3d at 496 (quotation omitted). The court must scrutinize the record as a whole, taking into account whatever fairly detracts from the weight of evidence supporting the Commissioner's findings. *Singletary v. Bowen*, 798 F.2d 818, 823 (5th Cir. 1986).

## Analysis

### I. Legal framework

"The Commissioner uses a sequential, five-step approach to determine whether a claimant is … disabled: (1) whether the claimant is presently performing substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the impairment meets or equals a listed impairment; (4) whether the impairment prevents the claimant from doing past relevant work; and (5) whether the impairment prevents the claimant from performing any other substantial gainful activity." *Morgan v. Colvin*, 803 F.3d 773, 776 (5th Cir. 2015) (citing 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4)) (footnote

omitted). Before moving from step three to four, the ALJ determines the claimant's RFC, which is used to evaluate steps four and five. *Id.* at 776 n.2 (quoting 20 C.F.R. § 404.1520(a)(4)).

"Under this five-step approach, if the Commissioner determines at a prior step that the applicant is or is not disabled, the evaluation process stops …." *Id.* at 776 (citing 20 C.F.R. § 404.1520(a)(4)). The claimant bears the burden of proof at the first four steps. *Kneeland v. Berryhill*, 850 F.3d 749, 753 (5th Cir. 2017). At the fifth step, the burden of proof shifts to the Commissioner "to establish the existence of other available substantial gainful employment that a claimant can perform." *Id.* at 753-54. The Commissioner fulfills this burden by identifying potential alternative employment that exists in significant numbers in the national economy. *See Fraga v. Bowen*, 810 F.2d 1296, 1302 (5th Cir. 1987); 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 404.1566(a). The burden then "shifts back to the claimant to prove that he is unable to perform the alternate work." *Fraga*, 810 F.2d at 1302.

## II. <u>The ALJ did not err when forming the RFC.</u>

The sole issue is whether the ALJ improperly excluded certain findings about Plaintiff's mental impairments, made at step three of the sequential evaluation process, when formulating the RFC. In particular, Plaintiff argues that the RFC should have accounted for his "moderate" limitation in the ability to concentrate, persist, or maintain pace. *See* Dkt. 10 at 3-6; Dkt. 15 at 6. The

Commissioner responds that the findings at step three neither equate to nor demand inclusion of specific limitations in the RFC. *See* Dkt 15 at 5. And according to the Commissioner, substantial evidence supports the ALJ's decision that further limitations were not warranted. *See id.* at 8-9. The Commissioner is correct on both fronts.

The RFC reflects "the most [a claimant] can still do despite [his] limitations." 20 C.F.R. § 404.1545(a)(1). "The ALJ is responsible for determining an applicant's residual functional capacity." *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995) (citing 20 C.F.R. § 404.1546); *see also* 20 C.F.R. § 404.1527(d)(2). When determining the RFC, the ALJ examines all medical evidence in the record. *Webster v. Kijakazi*, 19 F.4th 715, 718 (5th Cir. 2021); 20 C.F.R. § 404.1545(a)(1) (RFC is based on "all the relevant evidence in [the claimant's] case record").

Here, in addition to accounting for Plaintiff's physical restrictions, the ALJ accounted for Plaintiff's mental impairments by including a restriction specifying that Plaintiff cannot perform "complex tasks." R.23. As explained below, nothing required the ALJ to import other findings into the RFC. And substantial medical evidence supported the ALJ's conclusion that Plaintiff's mental impairments did not further limit his ability to work. The ALJ's decision is therefore affirmed.

**A. An RFC does not have to incorporate Paragraph B findings.**

Plaintiff's complaint about the RFC's failure to incorporate a step-three finding incorrectly conflates two distinct parts of the analysis. The finding to which Plaintiff alludes concerns one set of Paragraph B criteria "used to assess the impact of a mental impairment on four functional areas: understanding, remembering, or applying information; interacting with others; concentrating, persisting, or maintaining pace; and adapting or managing oneself." *Baquer v. O'Malley*, 2024 WL 1201623, at *6 (S.D. Tex. Mar. 20, 2024). Those criteria "are used to rate the severity of mental impairment(s) at steps 2 and 3 of the sequential evaluation process." SSR 96-8p, 1996 WL 374184, at *4 (July 2, 1996). Importantly, that assessment is distinct from the RFC, which is "used at steps 4 and 5 of the sequential evaluation process [and] requires a more detailed assessment by itemizing various functions contained in the broad categories found in paragraph B and C of the adult mental disorders listing in 12.00 of the Listing of Impairments, and summarized on the PRTF. *Id.*

Accordingly, Plaintiff's assumption that Paragraph B findings dictate what the RFC must include is incorrect as a matter of law. Indeed, this Court has repeatedly rejected that position. *See, e.g.*, *Paul F. v. Bisignano*, 2026 WL 642925, at *4 (S.D. Tex. Feb. 18, 2026) (noting that the ALJ need not "incorporate paragraph B findings verbatim into the RFC"), *adopted by* 2026 WL 641860 (S.D. Tex. Mar. 6, 2026); *Elizabeth A.H. v. Dudek*, 2025 WL

2429036, at *8 (S.D. Tex. Mar. 12, 2025) (same, quoting *Brown v. Saul*, 2020 WL 1166270, at *4 (S.D. Tex. Mar. 11, 2020)); *Miller v. Kijakazi*, 2024 WL 1075485, at *5 (S.D. Tex. Mar. 12, 2024) (same); *Jones v. Comm'r of Soc. Sec.*, 2023 WL 6049594, at *4 (S.D. Tex. Sept. 15, 2023) (holding that claimant was "incorrect to assert that the ALJ was required to account for the moderate limitations found at Step 2 in crafting the RFC"). There is no basis to revisit that conclusion here.

**B. Substantial evidence supports the RFC.**

The record forecloses Plaintiff's further contention that the ALJ should have included additional mental limitations in the RFC. As the Commissioner observes, substantial evidence supports the RFC.

At step three, the only medical record the ALJ cited when evaluating Plaintiff's Paragraph B criteria was the report of Barbara Martinez, Psy.D. *See* R.22 (citing R.591-93 (evaluation on October 17, 2023)). Likewise, the ALJ relied on Dr. Martinez's report when forming the mental RFC, deeming it persuasive. *See* R.24. Contrary to Plaintiff's supposition, nothing in Dr. Martinez's report indicates that Plaintiff's significantly limited his ability to work. Instead, Dr. Martinez observed that Plaintiff was pleasant and cooperative, his thinking was logical and organized, his memory was intact, and his cognition and awareness were fine. R.592-93. Dr. Martinez noted that Plaintiff's concentration and attention were adequate, as was his judgment.

R.593. Accordingly, Dr. Martinez concluded that Plaintiff "is likely to have the ability to sustain concentration and persist in work-related activity at a reasonable [pace]." R.593-94. Dr. Martinez further concluded that Plaintiff can maintain proper social interaction with supervisors, co-workers and the public, and can likely endure the normal pressures of the workplace. R.594. Those findings—which Plaintiff does not dispute—fully support the ALJ's determination that no further mental limitations were necessary in the RFC.

The ALJ also relied on progress notes indicating that Plaintiff's depression had lessened. *See* R.25 (discussing R.627 (July 15, 2024 treatment notes)). Those notes reflected Plaintiff's statement that he was not depressed, and that his major depressive disorder was in full remission. R.626, 628. Moreover, the physician noted that Plaintiff's behavior and attitude were largely normal; he was "appropriate, candid, [and] cooperative," could hold eye contact, was polite, and was responsive. R.628. The physician also observed that Plaintiff's affect was normal; he was "alert, attentive, clear," was logical, lucid, had an "adequate fund of information" and intact memory process," and exhibited good insight and judgment. R.628. Those progress notes, together with Martinez's evaluation, supported the ALJ's conclusion that "[t]here was no evidence of a functional loss[] due to mental impairments." *See* R.25 (citing R.627). Substantial evidence therefore supports the RFC.

Lastly, the cases Plaintiff cites are distinguishable. *See* Dkt. 10 at 5 (citing *Johnson v. O'Malley*, 2024 WL 3169021 (S.D. Tex. Oct. 2, 2024), *adopted by* 2024 WL 4374127 (S.D. Tex. Oct. 2, 2024); *Deacon v. Kijakazi*, 2023 WL 8856051 (W.D. Tex. Dec. 21, 2023)). In *Johnson*, 2024 WL 3169021, at *5, the ALJ failed to explain why the RFC did not include mental limitations, merely restating his step-two findings that the plaintiff's mental impairments were non-severe. Similarly, the ALJ in *Deacon*, 2023 WL 8856051, at *5, failed to discuss plaintiff's substance abuse disorder and mental impairments when forming the RFC. Unlike those cases, the ALJ's opinion addresses Plaintiff's mental impairments, details the pertinent medical records that support the mental RFC. There is no error, much less an error warranting reversal.

## Conclusion

For the foregoing reasons, it is **ORDERED** that Plaintiff's motion for summary judgment (Dkt. 10) be **DENIED**, and that the decision of the Commissioner of Social Security is **AFFIRMED**. A separate final judgment will follow.

Signed on September 14, 2026, at Houston, Texas.

Yvonne Y. Ho
United States Magistrate Judge